IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NGUYEN THANH TU<br>a/k/a TU NGUYEN,<br><br>*Plaintiff,*<br><br>v.<br><br>ATUTA, INC. d/b/a PHO BOLSA TV,<br>VU HOANG LAN, ANDREW LE TV,<br>AN THIEN LE aka ANDREW LE,<br>PREMIERLINE GROUP, LLC.,<br>TUAN THANH HO, HGP USA CORP.,<br>HOANG GIA PEARL CO., and<br>PHUNG BACH DOAN,<br><br>*Defendants.* | CIVIL ACTION NO. 4:25-CV-4982 |

### CORRECTED NOTICE OF REMOVAL OF DEFENDANT AN THIEN LE AKA ANDREW LE[1]

**TO THE HONORABLE JUDGE OF THIS COURT:**

**Defendant AN THIEN LE a/k/a ANDREW LE** (the "Removing Defendant") files this Corrected Notice of Removal of the civil action pending in the 11th Judicial District Court of Harris County, Texas, under Cause No. 2025-77842, styled *Nguyen Thanh Tu a/k/a Tu Nguyen v. Atuta, Inc. d/b/a Pho Bolsa TV, et al.* (the "State Court Action"), to the United States District Court for the Southern District of Texas, Houston Division. In support thereof, Removing Defendant respectfully shows the Court as follows:

---

[1] THE CORRECTED NOTICE OF REMOVAL IS TO REPLACE THE ONE FILED ON SUNDAY OCTOBER 19, 2025.

1

## I.  INTRODUCTION

1. On or about October 10, 2025, Plaintiff Nguyen Thanh Tu ("Plaintiff"), *a judicially declared vexatious litigant*, filed his Original Petition in the State Court Action naming nine defendants. (Exhibits A and B.)

2. As of the filing of this Notice of Removal, all Defendants have appeared in the state court action by jointly filing a General Denial. (Exhibit C.)

3. This Notice of Removal is filed by Defendant An Thien Le a/k/a Andrew Le pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As shown below, this Court has original subject-matter jurisdiction over this action, and removal is both timely and procedurally proper.

## II.  JURISDICTION

4. As stated, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because (1) there is complete diversity of citizenship between Plaintiff and all nine Defendants, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Original jurisdiction also exists under **28 U.S.C. § 1332(a)(2)** because one Defendant, Hoang Gia Pearl, Co. is a corporation, which was organized in Vietnam and its headquarters is in Vietnam (s*ee* Exhibit B, Plaintiff Original Petition) and the exception in that provision is inapplicable.

6. **Amount in Controversy:** Plaintiff seeks a money judgment of "not less than $100,000,000, including compensatory, consequential, and punitive damages." (Exhibit B, at p. 35). This exceeds the jurisdictional threshold of **$75,000** required for removal.

7.  **Citizenship of the Parties** as jurisdictionally admitted by Plaintiff in his second Original Petition (sic) filed on October 13, 2025, at pp. 1-3.[2]

- **Plaintiff:** An individual residing in Harris County, Texas, and therefore a **citizen of Texas**. (Exhibit B, p. 1- Original Petition filed on October 13, 2025.)

- **California Defendants:** Plaintiff alleges that Defendants Vu Hoang Lan, An Thien Le a/k/a Andrew Le, Tuan Thanh Ho, and Phung Bach Doan are Residents/domiciliaries, and therefore, citizens of California. (Exhibit B, pp 1-2--Original Petition filed on October 13, 2025.)

- **Corporate Defendants** were each incorporated and/or maintain their headquarters in California**:**
    - ATUTA, Inc. d/b/a Pho Bolsa TV,
    - Premierline Group, LLC,
    - HGP USA Corp. and
    - Hoang Gia Pearl Co.

    (Ex. B, pp 1-2--Original **Petition filed on October 13, 2025).**

- **Foreign Defendant – Hoang Gia Pearl Co.:** This entity is incorporated under the laws of the Socialist Republic of Vietnam and maintains its Headquarters in Vietnam. (Exhibit B--Original Petition, p. 3 filed on October 13, 2025).

8.  Accordingly, **complete diversity exists** between Plaintiff (Texas) and Defendants (California and Vietnam) as required by **28 U.S.C. §§ 1332(a)(1)–(2)**.

---

[2] It should have been named as First Amended Petition.

### III. REMOVAL IS PROVIDENT AND TIMELY

9. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty (30) days after service or appearance. All Defendants appeared in the State Court Action by filing a joint answer on October 17, 2025 (Exhibit C). This Notice, filed on October 19, 2025, is therefore well within the 30-day statutory period.

10. Defendant **AN THIEN LE aka ANDREW LE** (the "Removing Defendant"), files this Notice of Removal of the civil action currently pending as Cause No. 2025-77842 in the 11th Judicial District Court of Harris County, Texas, styled *Nguyen Thanh Tu a/k/a Tu Nguyen v. Atuta, Inc. d/b/a Pho Bolsa TV, et al.* (the "State Court Action"), to the United States District Court for the Southern District of Texas, Houston Division.

11. In support, Removing Defendant respectfully shows as follows:

12. This Notice of Removal is filed by An Thien Le aka Andrew Le pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As set forth below, this Court has original jurisdiction over this action, and the removal is timely and procedurally proper.

13. Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty (30) days after all and each defendants have/has made a general appearance by filing a joint answer. (Exhibit C: Defendants' Original Joint Answer filed October 17, 2025.) This Notice is being filed on October 20, 2025, well within the 30-day period after all defendants have answered.[3] As the court in *Esquivel v. LA Carrier*, 578 F.

---

[3] *Esquivel v. LA Carrier*, 578 F. Supp. 3d 841 (S.D. Tex. 2022).

Supp. 3d 841 (S.D. Tex. 2022), has held:

> What effect, if any, the state-court answer had on the thirty-day limit for removal? Although post- *Murphy Brothers*, the Fifth Circuit has not had an occasion to address this question on the facts of this case, at least three federal district courts in Texas have. **In each case, these courts have held that Section 1446(b) 's thirty-day removal period for a defendant who had not been formally or properly served commenced to run on the date on which the defendant filed an answer in state court.** *Cerda v. 2004-EQRI, LLC*, No. SA-07-CV-632-XR, 2007 WL 2892000, at *3 (W.D. Tex.Oct. 1, 2007); *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. CIV.A.H-10-3828, 2010 WL 5173004, at *3–4 (S.D. Tex.Dec. 14, 2010); *Chambers v. Greentree Servicing, LLC*, No. 3:15-CV-1879-M-BN, 2015 WL 4716596, at *4(N.D. Tex.Aug. 7, 2015).
>
> *Texas law governing general appearance and waiver of service of process lends some support for these courts' holding. Cf.Murphy Bros., Inc.*,526 U.S. at 351, 119 S.Ct. 1322 ("Unless a named defendant *agrees to waive service*, the summons continues to function as the *sine qua non* directing an individual or entity [named defendant] to participate in a civil action or forgo procedural or substantive rights."(first italic added)).**A "defendant may enter an appearance," and "[s]uch appearance ... shall have the same force and effect as if the citation had been duly issued and served as provided by law." Tex. R. Civ. P. 120**.Thus, a defendant" can waive defects in service by entering a general appearance." *J. O. v. Tex. Dep't of Family & Protective Servs.*,604 S.W.3d 182, 188(Tex. App.—Austin 2020, no pet.) (citing Tex. R. Civ. P. 120). **And "[f]iling an answer constitutes a general appearance**."*Phillips v. Dallas Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865(Tex. App.—Dallas2006, pet denied)**.**

(Emphasis added.)

## IV. LIST OF MATTERS BEING FILED

14. To effectuate removal, the following documents are filed contemporaneously with this Notice of Removal or will be filed as required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

- **Ex. A**: Plaintiff's Original Petition filed October 10, 2025
- **Ex. B**: Plaintiff's Amended Petition filed October 13, 2025
- **Ex. C**: Defendants' Original Joint Answer filed October 17, 2025
- **Exs. D1–D8**: Written Joint Consents to Removal by each Defendant; **REMOVING PARTY is AN THIEN LE aka ANDREW LE**
    - **Ex. D1:** Atuta, Inc. D/B/A Pho Bolsa TV to Removal
    - **Ex. D2:** Consent of Vu Hoang Lan
    - **Ex. D3:** Consent of Andrew Le Tv
    - **Ex. D4:** Consent of Premierline Group, LLC
    - **Ex. D5:** Consent of Tuan Thanh Ho
    - **Ex. D6:** Consent of HGP Usa Corp.
    - **Ex. D7:** Consent of Hoang Gia Peral Co., And
    - **Ex. D8:** Consent of Phung Bach Doan
- **Ex. E:** State Court Docket Sheet for Cause No. 2025-77842
- **Ex. F:** Disclosure Statements (FRCP 7.1): Separate disclosures will be filed for the following defendants:
    - **Ex. F1:** Corporate Disclosure Statement of ATUTA, Inc. d/b/a Pho Bolsa TV

- - **Ex. F2:** Corporate Disclosure Statement of Premierline Group, LLC
  - **Ex. F3:** Corporate Disclosure Statement of HGP USA Corp.
  - **Ex. F4:** Corporate Disclosure Statement of Hoang Gia Pearl Co.
  - **Ex. F5:** Disclosure Statement Regarding Defendant Andrew Le TV
- **Ex. G:** State Court Action Docket Sheet
- **Ex. H:** List of All Counsel of Record
- **Ex. I:** Declaration of Lloyd E. Kelley in Support of Removal, and
- **Filing Fee:** The statutory filing fee has been paid.
- **Notice to State Court:** A Notice of Filing of Notice of Removal will be promptly filed with the Clerk of the 11th Judicial District Court of Harris County, Texas, to provide notice of removal in compliance with 28 U.S.C. § 1446(d).

## V.   VENUE

15. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1441(a), because it is the federal judicial district and division embracing the place where the State Court Action is pending.

## VI.   PROCEDURAL REQUIREMENTS

16. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Court Action are attached to this Notice of Removal as identified in Section II above.

17. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served or made a general appearance must join in or consent to

the removal. *Esquivel v. LA Carrier*, 578 F. Supp. 3d 841 (S.D. Tex. 2022). All named Defendants consent to the removal of this action to demonstrate their unanimous agreement. Each of the remaining eight (8) Defendants is filing a consent which are attached hereto as **Exhibit D1, D2, D3, D4, D5, D6, D7, and D8** as required by case law in the Fifth Circuit.

18. Written notice of the filing of this Notice of Removal will be promptly served on all parties and filed with the Clerk of the 11th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1446(d).

## VII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **AN THIEN LE aka ANDREW LE** respectfully requests that this case be removed from the 11th Judicial District Court of Harris County, Texas, to this Honorable Court, and that this Court assume full jurisdiction over this matter.

Dated: October 20, 2025,            Respectfully submitted,

/s/ *Gary M. Polland*
**Gary M. Polland**
State Bar No. 16095800
**POLLAND & ASSOCIATES, P.C.**
1533 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 621-6335
Email: pollandlaw@yahoo.com

**THE KELLEY LAW FIRM**
By: /s/ *Lloyd E. Kelley*
**Lloyd E. Kelley**
Texas Bar No.1203180
kelley@lloydekelley.com
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005

                                                              Tel:(281) 492-7766
                                                              Fax:(281) 652-5973

**COUNSEL FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on October 20, 2025, a true and correct copy of the foregoing document was served upon counsel of record for Plaintiff via the Court's electronic filing system and/or by email to the following:

Brian Turner
LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave. Bryan, TX 77803
Email: bt@brianturnerlaw.com

                                                          */s/ Gary M. Polland*
                                                          **Gary M. Polland**