## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU<br>a/k/a TU NGUYEN,<br><br>*Plaintiff,*<br><br>v.<br><br>ATUTA, INC. d/b/a PHO BOLSA TV,<br>VU HOANG LAN, ANDREW LE TV,<br>AN THIEN LE aka ANDREW LE,<br>PREMIERLINE GROUP, LLC.,<br>TUAN THANH HO, HGP USA CORP.,<br>HOANG GIA PEARL CO., and<br>PHUNG BACH DOAN,<br><br>*Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:25-CV-4982 |

---

**DEFENDANTS' MOTION TO REQUIRE THANH TU NGUYEN, A DECLARED VEXATIOUS LITIGANT, TO OBTAIN PERMISSION FROM THE REGIONAL ADMINISTRATIVE JUDGE BEFORE PROCEEDING IN FEDERAL COURT AND TO POST A SECURITY BOND OF $100,000.00**

---

**I.      As a declared vexatious litigant, Thanh Tu Nguyen is prohibited from proceeding and maintaining this litigation[1] in this Court unless and until he first seeks and obtains written permission from the Regional Administrative Judge and posts the required security bond. Furthermore, any determination regarding such permission "is not a ground for appeal."**

1.      This is an action in the 11th Judicial District Court in Harris County.

The matter was removed to this court on October 19, 2025. Plaintiff appears to have

---

[1] "Plaintiff means *any individual* who commences or *maintains a litigation*." TEX. CIV. PRAC. & REM. CODE § 11. 101 (5) (emphasis added). Texas Court has ruled that: "[t]he VLA [Vexatious Litigant Act]'s language is broad enough to reach all vexatious litigants, whether represented by counsel or not." *Beasley v. Society of Information Management*, No. 05-19-00607-CV, 2020 WL 5050910, at *3 (Tex. App.—Dallas Aug. 28, 2020, no pet.) (mem. op.). *Drake v. Andrews*, 294 S.W.3d 370, 374 (Tex. App.—Dallas 2009, pet. denied).

1

disregarded the fact that he has been formally declared a vexatious litigant "each court" in the State of Texas. This designation remains fully in effect regardless of whether he is represented by counsel. Pursuant to Section 11.101 of the Texas Civil Practice and Remedies Code, Mr. Nguyen is required to obtain pre-filing approval before initiating **any** litigation in **each** court in Texas. The pre-filing order issued by the district or statutory county court applies uniformly to all courts within the state.[2]

> (f) A decision of the appropriate local administrative judge described by Subsection (a) denying a litigant permission to file a litigation under Subsection (d), or conditioning permission to file a litigation on the furnishing of security under Subsection (e), is not grounds for appeal.

Tex. Civ. Prac. & Rem. Code 11.102 (f). A copy of the Vexatious Litigant is attached hereto for the Court's convenience as Ex. 1.

2. Moreover, Texas courts have consistently held that Chapter 11 applies to a litigant regardless of whether he is represented by counsel. *Drake v. Andrews*, 294 S.W.3d 370, 374 (Tex. App.—Dallas 2009, pet. denied). As further emphasized, "[t]he VLA [Vexatious Litigant Act]'s language is broad enough to reach all vexatious litigants, whether represented by counsel or not." *Beasley v. Society of Information Management*, No. 05-19-00607-CV, 2020 WL 5050910, at *3 (Tex. App.—Dallas Aug. 28, 2020, no pet.) (mem. op.).

3. The fact that Mr. Nguyen is represented by counsel does not relieve him of the obligations imposed under Chapter 11 of the Texas Civil Practice and Remedies Code (the "Vexatious Litigant Act"). He remains required to obtain pre-filing approval

---

[2] The ORDER formally declaring Tu Nguyen as a vexatious litigant was entered by the 10th District Court of Galveston. As such, **it applies to each court in Texas, including this Honorable Court, and any court in Texas.**

and to post adequate security to ensure that Defendants may recover their attorneys' fees and costs should Nguyen not prevail in this matter.

4.    The case of *Drake v. Andrews*, 294 S.W.3d 370 (Tex. App.—Dallas 2009, pet. denied), is particularly instructive and has been widely recognized by Texas courts as a leading authority interpreting and enforcing the provisions of the Texas Vexatious Litigant Statute.

5.    In *Drake v. Andrews*, the Court first examined the Legislature's intent behind Chapter 11, which was enacted to address individuals who abuse the judicial process by initiating numerous frivolous lawsuits. See *Tex. Civ. Prac. & Rem. Code §§ 11.001–11.104.* The Court explained:

> The legislative history does … offer the following background statement:
>
> Some litigants abuse the Texas court system by systematically filing lawsuits with little or no merit. This practice clogs the courts with repetitious or groundless cases, delays the hearing of legitimate disputes, wastes taxpayer dollars, and requires defendants to spend money on legal fees to defend against groundless lawsuits.
>
> House Committee on Civil Practices, Bill Analysis, Tex. H.B. 3087, 75th Leg., R.S. (1997). The history continues, laying out the purpose of the proposed statute:
>
> H.B. 3087 will curb vexatious litigation by requiring plaintiff's found by a court to be "vexatious" to post security for costs before proceeding with a lawsuit. *Id.*
>
> Courts, including this one, have described the Legislature's intent in enacting Chapter 11 as a balancing of individual Texans' rights to access their court system against the public's interest in protecting [the opposing parties] from individuals who abuse that system. *See, e.g., Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.-Dallas 2006, no pet. . . . In sum, the statute is intended to protect a defendant

3

from the cost of defending against a potentially abusive
action.

*Id.* at 374- 375. The *Andrews* Court then confirmed the meaning of "Plaintiff" of the
Vexatious Litigant Act: "Plaintiff means *any individual* who commences <u>or *maintains*</u>
*a litigation*." TEX. CIV. PRAC. & REM. CODE § 11. 101 (5) (emphasis added).

6.    A litigation[3] = a civil action[4] = a civil judicial proceeding [5]= any other
judicial pleading that requests legal relief = legal relief = federal proceeding =
subjects a declared vexatious litigant to pre-filing approval by the Administrative
Judge and Security bond.[6]  For purposes of the Vexatious Litigant Act, "litigation" is
broadly defined to encompass any civil action, civil judicial proceeding, or other
pleading filed or maintained in a court seeking legal relief. This includes state or
federal proceedings. Accordingly, any such filing or maintaining subjects a declared
vexatious litigant to the statutory requirements of obtaining pre-filing authorization
from the Regional Administrative Judge and posting the required security bond.

7.    The *Andrews* Court held:

Andrews argues the statute defines the term "broadly" and
that it "is not limited to individuals who commence or
maintain a litigation pro se." We agree. *The definition is
not limited to unrepresented litigants . . . . And when we
apply this broad definition to the criteria for declaring a
plaintiff vexatious, we see no clear indication the
Legislature intended the statute or its restrictions to apply
only to pro se litigants.*

---

[3] TEX. CIV. PRAC. & REM. CODE § 11. 101 (5). (Vexatious Litigant Ac).

[4] TEX. CIV. PRAC. & REM. CODE § 11.001(2). (Vexatious Litigant Act).

[5] *Connor v. Hooks*, No. 03-19-00198-CV (Tex. App.-Austin Mar. 5, 2021) (interpreting under Chapter
11 "a civil action" means "a civil judicial proceeding under the Vexatious Litigant Statute.")
(Discussing Vexatious Litigant Act).

[6] TEX. CIV. PRAC. & REM. CODE § 11.1035 (a)-(b).

4

*****

We conclude the language of the statute itself — the best indicator of the Legislature's intent — is broad enough to reach *all vexatious litigants*, whether represented by counsel or not.

*****

Our reading of the statute comports with an earlier decision by this Court in this very proceeding. The reach of Chapter 11 vis-a-vis represented plaintiffs was raised and decided in this Court in our Mandamus Opinion. We stated the issue thus:

**"We must decide whether Drake is immune from the requirements of the statute because he was represented by counsel when this suit was filed. We conclude he is not."**

*****

**We conclude again that Chapter 11 can apply to a litigant regardless of whether he is represented by counsel or not**.[7]

*See Drake v. Andrews*, 294 S.W.3d at 374–75 (emphasis added). [8] *See also Beasley v. Society of Information Management*, No. 05-19-00607-CV, 2020 WL 5050910, at *3 (Tex. App.—Dallas Aug. 28, 2020, no pet.) (mem. op.) (holding that the fact a vexatious litigant was represented by counsel did not render the VLA inapplicable to his litigations*)*.

8.    The Fourteenth Court of Appeals has likewise affirmed the application of the Vexatious Litigant Act regardless of representation status. In *Nunu v. Risk,*

---

[7] Note that the *Andrews* Court unequivocally held: "we concluded a represented plaintiff can be subject to Chapter 11." However, on a totally different issue, said that the trial court erred in the application of Chapter 11 to Drake.

[8] Note that the *Andrews* Court unequivocally held: "we concluded a represented plaintiff can be subject to Chapter 11." However, on a totally different issue, said that the trial court erred in the application of Chapter 11 to Drake.

the court upheld an order declaring Paul Nunu a vexatious litigant and imposing pre-filing restrictions, noting that Nunu had been represented by counsel at various points throughout the litigation. The court's analysis confirms that a litigant's representation by counsel does not exempt them from the requirements of Chapter 11. See *Nunu v. Risk,* No. 14-19-00564-CV, 2020 WL 6158318, at *3 (Tex. App.—Houston [14th Dist.] Oct. 22, 2020, pet. denied) *(*mem. op.). The Texas Supreme Court subsequently denied review, leaving the appellate decision undisturbed.

9.      To file or to maintain any action or pleading, requesting legal relief such as filing a Motion to remand or proceed in this Honorable Court, Mr. Nguyen is required to comply with the procedure outlined in Section 11.1035 (b) of the Vexatious Litigant Act.[9] He is required to notify the Clerk, the Court, and opposing counsel, and to obtain prior written approval from the local Administrative Judge, before initiating or participating in any "judicial proceedings" requesting legal relief such prosecution in this ,[10] regardless of whether he is represented by counsel. *See Andrews* at 374 - 375.

10.      In the instant case, the relevant and applicable provisions are §§11.101, 11.102, 11.103. and 11.1035. [11] The Court need not— and Defendants expressly do not request the Court— to declare Mr. Nguyen a vexatious litigant—he has already

---

[9] TEX. CIV. PRAC. & REM. CODE § 11.1035 (a)-(b) (Subchapter C)

[10] *Id.*

[11] TEX. CIV. PRAC. & REM. CODE §§11.101, 11.102, 11.103. and 11.1035 (Subchapter C: Prohibition of Filing New Litigation).

been <u>formally declared</u> a "vexatious litigant."[12] As of October 24, 2025, Tu Nguyen's name is still currently listed on the Public Registry of Vexatious Litigants maintained by the Texas Office of Court Administration ("Texas OCA"). *See Vexatious Litigants*, TXCOURTS.GOV, https://www.txcourts.gov/judicial-data/vexatious-litigants/ (last updated March 19, 2025).



11.     Section 11.103 (a) of the Vexatious Litigant Act provides "a clerk of a court may not file a litigation [such as] original proceeding or other claim presented, by a vexatious litigant who is subject to a prefiling order under Section 11.101 *unless*

---

[12] *See* Exhibit 1, Order of the District Court of the 10th Judicial District. This formal designation was made by the District Court of the 10th Judicial District in Galveston County, which found that Tu Nguyen had repeatedly filed frivolous lawsuits and motions and demonstrated a likelihood of continuing such conduct.

*the litigant obtains an order from the appropriate local administrative judge described* by Section 11.102 (a) permitting the filing."[13]

12.    If the clerk mistakenly files any judicial pleadings or other litigation submitted by a vexatious litigant without the required prefiling order, the Clerk <u>must</u> notify the Court that a pleading - the litigation[14] was improperly filed.  Upon receiving such notice from the Clerk, the Court is required to immediately stay the matter and shall dismiss the proceeding unless Mr. Nguyen—no later than the 10th day after the notice is filed—obtains an order from the appropriate local Administrative Judge under Section 11.102 (a)-(f) permitting the filing of any judicial pleadings and payment of the Security Bond.

13.    For the foregoing reasons, Defendants object to Plaintiff's continued prosecution of this matter and to any request for affirmative relief in this Court unless and until he complies with the Vexatious Litigant Act. Accordingly, Defendants respectfully request that the Court: (1) instruct Mr. Nguyen, through his counsel, to obtain written authorization from the appropriate local Administrative Judge pursuant to Tex. Civ. Prac. & Rem. Code § 11.102 before proceeding further; and (2) require Mr. Nguyen to notify the Clerk and post the requisite security bond in accordance with Tex. Civ. Prac. & Rem. Code § 11.052(b)**.**

---

[13] TEX. CIV. PRAC. & REM. CODE § 11.103 (a) (emphasis added).

[14] *See* footnote 18, definition of litigation.

## II.    CONCLUSION

Mr. Thanh Tu Nguyen has been formally declared a vexatious litigant under Texas law—a designation that remains fully effective notwithstanding his current representation by counsel. Despite this, Mr. Nguyen has failed to obtain the required pre-filing authorization and has not posted the mandatory security bond, in direct violation of the Vexatious Litigant Act.

It is now time for Plaintiff to stop his vexatious and bad faith lawsuits against everyone, including Defendants, who have endured extraordinary harassment, emotional strain, and financial suffering throughout this process, and thus should be lawfully entitled to receive justice and protection. The record is clear. The law is settled. Within 10 days of this notification, Tu Nguyen must obtain approval from the appropriate local Administrative Judge in Harris County or federal court according to TEX. CIV. PRAC. & REM. CODE § 11.102; notify the Clerk of this Court; and post the necessary security bond pursuant to TEX. CIV. PRAC. & REM. CODE § 11.052 (b).

Without such approval and bond, Defendants respectfully pray that the Court dismisses this entire cause of action.

Dated: October 28, 2025.                    Respectfully submitted,

_/s/ Gary M. Polland_
**Gary M. Polland**
State Bar No. 16095800
**POLLAND & ASSOCIATES, P.C.**
1533 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 621-6335
Email: pollandlaw@yahoo.com

**THE KELLEY LAW FIRM**
By: *&#47;s&#47; Lloyd E. Kelley*
**Lloyd E. Kelley**
Texas Bar No. 11203180
kelley@lloydekelley.com
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
Tel:(281) 492-7766

***COUNSEL FOR DEFENDANTS***
***ATUTA, INC. d/b/a PHO BOLSA TV,***
***VU HOANG LAN, ANDREW LE TV,***
***AN THIEN LE aka ANDREW LE,***
***PREMIERLINE GROUP, LLC.,***
***TUAN THANH HO, HGP USA CORP.,***
***HOANG GIA PEARL CO.***

By: *&#47;s&#47; Minh-Tam Tran*
Minh-Tam (Tammy) Tran
Texas Bar No. 20186400
**THE TAMMY TRAN LAW FIRM**
4900 Fournace Place, Suite 418
Bellaire, Texas 77401
Telephone: (832) 372-4403
Email: ttran@tt-lawfirm.com
***SPECIAL COUNSEL FOR***
***PHUNG BACH DOAN***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 28, 2025, a true and correct copy of the foregoing document was served upon counsel of record for Plaintiff via the Court's electronic filing system and/or by email to the following:

Brian Turner
LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave. Bryan, TX 77803
Email: bt@brianturnerlaw.com

By: *&#47;s&#47; Minh-Tam Tran*
MINH-TAM (TAMMY) TRAN

10