IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, *Plaintiff* | § § § | |
| v. | § § | |
| ATUTA, INC. d/b/a PHO BOLSA TV VU HOANG LAN, ANDREW LE TV AN THIEN LE aka ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL CO., and PHUNG BACH DOAN *Defendants* | § § § § § § § § § | CIVIL ACTION NO. 4:25-CV-4982 |

## PLAINTIFF TU NGUYEN'S MOTION FOR RECONSIDERATION

COMES NOW, Thanh Tu Nguyen a/ka Tu Nguyen ("Tu Nguyen"), a previously declared Vexatious Litigant, and at all times in this suit via counsel, files his Motion for Reconsideration, and would respectfully show the Court as follows:

1. On Friday, October 31, without reasonable opportunity for Plaintiff to file a Response, and without a hearing, this Court, *sua sponte*, signed an Order granting Defendants' Motion to Require Thanh Tu Nguyen, a Declared Vexatious Litigant, to Obtain Permission from the Regional Administrative Judge Before Proceeding in Federal Court and to Post a Security Bond of $100,000 (the "October 31 Order), which is certainly within this Court's prerogative; HOWEVER

   **A.    By Its Clear And Unambiguous Legislative Intent, The Pre-Filing Requirement Does Not Apply To A Previously Declared Litigant Represented By Counsel.**

2. §11.102(a) of the Texas Civil Practice & Remedies Code is the provision governing Defendants' Motion.

3. §11.102(a) specifically states, "A vexatious litigant subject to the prefiling order under Section 11.101 is prohibited from filing, **pro se**, new litigation…without seeking the permission of the local administrative judge…." *Id.* (emphasis ours).

4. Both the Texas Supreme Court and the United States Supreme rely upon the "textualist" approach in statute interpretation.

5. "Legislative intent is best expressed by the plain meaning of the text unless the plain meaning leads to absurd results or a different meaning is supplied by legislative definition or is apparent form the context." *City of Houston v. Bates*, 406 S.W.3d 539, 543 (Tex. 2013).

6. The Texas Supreme Court went on to hold "When the text of the statute is clear and unambiguous, we apply the statute's words according to their plain and common meaning unless a contrary intention is apparent from the statute's context. *Id.* at 544.

meaning of the statute's language)

7. Likewise, Justice Gorsuch, in *Bostock v. Clayton County, Georgia*, wrote, "When the express terms of a statute give us one answer and extratextual considerations suggest another, it's no contest. Only the written word is the law, and all persons are entitled to its benefit." *Bostock v. Clayton County, Georgia,* 140 S.Ct. 1731, 1737, 207 L.Ed.2d 218 (2020).

8. The United States Supreme Court went on to say:

> This Court normally interprets a statute in accord with the ordinary public meaning of its terms at the time of its enactment. After all, only the words on the page constitute the law adopted by Congress and approved by the President. If judges could add to, remodel, update, or detract from old statutory terms inspired only by extratextual sources and our own imaginations, we would risk amending statutes outside the legislative process reserved for the people's representatives. And we would deny the people the right to continue relying on the original meaning of the law they have counted on to settle their rights and obligations.

> *Id.* At 1738.

9. The plain meaning of "Pro Se", and the definition of "Pro Se" in Black's ("for himself; in his own behalf" in person") are clear and unambiguous, and by the Legislature's express terms, the pre-filing requirement does not apply to a litigant, filing new litigation, represented by counsel.

### b. The Drake case is Limited to the Declaration of Vexatious

10. Defendants rely heavily on *Drake v. Andrews*, 294 S.W.3d 370 (Tex. App.--Dallas 2009, pet. denied), for their proposition that "Chapter 11 can apply to a litigant regardless of whether he is represented by counsel or not."

11. However, the *Drake* ruling is applicable to the **declaration** of a vexatious litigant, not to subsequent filings by an already declared vexatious litigant. To wit, *Drake* further states, "And when we apply this broad definition **to the criteria for declaring** a plaintiff vexatious, we see no clear indication the Legislature intended the statute or its restrictions to apply only to pro se litigants." *Drake* at 374. (emphasis ours).

12. Likewise, the 2nd case relied upon by Defendants, purportedly for the same proposition, is *Beasley v. Society of Information Management*, No. 05-19-00607-CV (Tex. App.-- Dallas Aug. 28, 2020, no pet).

13. However, *Beasley* is also in the context of declaration. The section from which Plaintiff cites is entitled, "Criteria for vexatious litigant **declaration.**" *Beasley* at 14. (emphasis ours).

14. The statutory provision for the declaration of a vexatious litigant is Subchapter B of Chapter 11 of the Texas Civil Practice & Remedies Code, which is a completely different Subchapter than an already declared vexatious litigant, which is Subchapter C of the same Chapter.

15. Different subchapters have different sets of rules and different analysis.

16. As such, Defendants' Motion should be denied, and the October 31 Order vacated.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tu Nguyen prays that this Court will grant his Motion for Reconsideration, vacate its October 31 Order, and for such other and further relief to which Plaintiff is justly entitled, at law or at equity.

Respectfully submitted,

LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave.
Bryan, TX 77803
(979) 583-9200 – Telephone
(979) 314-9533 – Telecopier
bt@brianturnerlaw.com


By: /s/ Brian Turner
Brian Turner
State Bar No. 20310450

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, via email, on this 2nd day of November 2025.

By: /s/ Brian Turner
Brian Turner