IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU | § | |
| a/k/a TU NGUYEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-4982 |
| | § | |
| ATUTA, INC. d/b/a PHO BOLSA TV, | § | |
| VU HOANG LAN, ANDREW LE TV, | § | |
| AN THIEN LE aka ANDREW LE, | § | |
| PREMIERLINE GROUP, LLC., | § | |
| TUAN THANH HO, HGP USA CORP., | § | |
| HOANG GIA PEARL CO., and | § | |
| PHUNG BACH DOAN, | § | |
| | § | |
| *Defendants.* | § | |

---

DEFENDANTS' RESPONSE TO
TU NGUYEN'S 1st AMENDED MOTION FOR RECONSIDERATION

---

Defendants respectfully file their Response to Thanh Tu Nguyen a/ka Tu Nguyen ("Tu Nguyen")'s 1st Amended Motion for Reconsideration, and would respectfully show the Court as follows:

**A. Tu Nguyen's first complaint—that the Court should have allowed him to respond and attend a hearing—is without merit.**

1.    Tu Nguyen asserted:

On Friday, October 31, *without reasonable opportunity for Plaintiff to file a Response, and without a hearing*, this Court, *sua sponte*, signed an Order granting Defendants' Motion to Require Thanh Tu Nguyen, a Declared Vexatious Litigant, to Obtain Permission from the Regional Administrative Judge Before Proceeding in Federal Court

1

and to Post a Security Bond of $100,000 (the "October 31
Order), which is certainly within this Court's prerogative.

2.    However, as admitted by Tu Nguyen, TEX. CIV. PRAC. & REM. CODE § 11. 1035
(a)(b) under Subchapter C --. Prohibiting Filing of New Litigation -- applies in his
situation because he is already a formally declared vexatious litigant.[1] Pursuant to
this Section 11.1035 (a) (b) of the Texas Vexatious Act, this Honorable Court "shall"
strictly follow this Section, and thus, no response or hearing was required..[2]

3.    According to this Section, this is a case of "mistaken filing" by the district
clerk in Harris county because it was filed without an order from the appropriate

---

[1] Thanh Tu Nguyen a/ka Tu Nguyen ("Tu Nguyen")'s 1st Amended Motion for Reconsideration at ¶2.
[2] Sec. 11.1035.  MISTAKEN FILING.

> (a) If the clerk mistakenly files litigation presented, pro se, by a
> vexatious litigant subject to a prefiling order under Section 11.101
> without an order from the appropriate local administrative judge
> described by Section 11.102(a), *any party may file with the clerk and
> serve on the plaintiff and the other parties to the litigation a notice
> stating that the plaintiff is a vexatious litigant required to obtain
> permission under Section 11.102 to file litigation.*

> (b) <u>Not later than the next business day</u> after the date the clerk
> receives notice that a vexatious litigant subject to a prefiling order
> under Section <u>11.101</u> has filed, pro se, litigation without obtaining an
> order from the appropriate local administrative judge described by
> Section 11.102(a), *the clerk <u>shall</u> notify the court that the litigation was
> mistakenly filed.  On receiving notice from the clerk, the court shall
> immediately stay the litigation and <u>shall</u> dismiss the litigation unless
> the plaintiff, not later than the 10th day after the date the notice is filed,
> obtains an order from the appropriate loca*l <u>administrative judge
> described by Section 11.102(a) permitting the filing of the litigation.</u>

> (c) An order dismissing litigation that was mistakenly filed by a clerk
> may not be appealed.

(Emphasis added.)

2

local administrative judge described by Section 11.102(a).[3] Defendants promptly removed this case to this Honorable Court based on 28 U.S.C. Section 1332 (a) and Section 1332 (a) (2.

4.    Pursuant to section 11.1035 (a), on October 28, 2025, Defendants promptly *filed with the clerk and the Court, "and serve on the plaintiff and the other parties to the litigation a notice stating that the plaintiff is a vexatious litigant required to obtain permission under Section 11.102 to file litigation."* TEX. CIV. PRAC. & REM. CODE § 11. 1035 (a)(b).

5.    On October 31, 2025, upon receiving the notice, this Honorable Court" *immediately stayed the litigation, advising and ordering Tu Nguyen that the Court shall dismiss the litigation unless Tu Nguyen, not later than the 10th day after the date the notice is filed, obtains an order from the appropriate loca*l administrative judge described by Section 11.102(a) permitting the filing of the litigation.

6.    Accordingly, this Court's October 31, 2025, Order was properly and providently entered in full compliance with Section 11.1035(b) of the *Texas Civil Practice and Remedies Code* (the Texas Vexatious Litigant Act), which applies in his situation**.**

**B.** Tu Nguyen's Second Complaint – He m**isinterprets the Legislative Intent Under Chapter 11**

7.    Tu Nguyen further contends that since he has already been *formally declared* a vexatious litigant pursuant to Section C of Chapter 11, rather than being

---

[3] TEX. CIV. PRAC. & REM. CODE § 11. 1035 (a)(b); *see also* TEX. CIV. PRAC. & REM. CODE § 11.102; TEX. CIV. PRAC. & REM. CODE § 11.052 (b).

3

in the *process* of such declaration under Section B, the holding in *Drake v. Andrews* and other authorities[4] cited by Defendants are inapplicable. According to Nguyen, *Drake* governs only those litigants who are subject to a pending vexatious-litigant determination, not those who have already been officially designated as such.

8.      This argument hinges upon an artificial and legally unsound distinction between Sections B and C, incorrectly suggesting that the Legislature's intent differs between two purported procedural "stages": (a) the stage of *being declared* a vexatious litigant, and (b) the stage of *already having been declared* a vexatious litigant. Such a strained reconstruction of legislative intent not only lacks textual support but also defies both logic and precedent. More troublingly, Nguyen's position would effectively confer upon this adjudicated vexatious litigant an unfettered license to continuously manipulate the judicial process—precisely the abuse Chapter 11 was enacted to prevent.

9.      The *Drake* Court, however, left no doubt as to the Legislature's overarching purpose: to safeguard the Texas judicial system from repetitive, meritless, and harassing litigation.

10.      The Court said:

> The legislative history does … offer the following background statement:
>
> *Some litigants abuse the Texas court system by systematically filing lawsuits with little or no merit. This practice clogs the courts with repetitious or groundless cases, delays the hearing of legitimate disputes, wastes*

---

[4] These cases interpreted the Vexatious Litigant Statute and held: "**Chapter 11 can apply to a litigant regardless of whether he is represented by counsel or not.**"

4

*taxpayer dollars, and requires defendants to spend money on legal fees to defend against groundless lawsuits.*

House Committee on Civil Practices, Bill Analysis, Tex. H.B. 3087, 75th Leg., R.S. (1997). The history continues, laying out the purpose of the proposed statute:

H.B. 3087 will curb vexatious litigation by requiring plaintiffs to be found by a court to be "vexatious" to post security for costs before proceeding with a lawsuit. *Id.*

*Courts, including this one, have described the Legislature's intent in enacting Chapter 11 as a balancing of individual Texans' rights to access their court system against the public's interest in protecting [the opposing parties] from individuals who abuse that system. See, e.g., Harris v. Rose*, 204 S.W.3d 903, 905 (Tex. App.-Dallas 2006, *no pet)* . ***In sum, the statute is intended to protect a defendant from the cost of defending against a potentially abusive action***.

*Id.* at 374- 375. (Emphasis added.)

11.     The *Drake* Court continued:

We conclude the language of the statute itself — the best indicator of the Legislature's intent — is broad enough to reach *all vexatious litigants*, whether represented by counsel or not.

*****

Our reading of the statute comports with an earlier decision by this Court in this very proceeding. The reach of Chapter 11 vis-a-vis represented plaintiffs was raised and decided in this Court in our Mandamus Opinion. We stated the issue thus:

**"We must decide whether Drake is immune from the requirements of the statute because he was represented by counsel when this suit was filed. We conclude he is not."**

*****

5

> **We conclude again that Chapter 11 can apply to a litigant regardless of whether he is represented by counsel or not**.[5]

(Emphasis added.)

## C. Tu Nguyen relies on two Supreme Court cases (Texas and U.S) that embody the "textualist" approach to legislative intent. However, neither of those cases involves vexatious litigants.

12.    ***The First Case*** - *City of Houston v. Bates*, 406 S.W.3d 539, 543 (Tex. 2013), concerns Section 142.0017 of the Texas Local Government Code requires a City to compensate a fire fighter for overtime pay if the fire fighter works more than an average of 46.7 hours per week calculated over a 72–day work cycle. Tex. Loc. Gov't CodeE § 142.0017(b).

13.    ***The Second Case*** - *Bostock v. Clayton County, Georgia* (2020) is a l Supreme Court case that held that Title VII of the Civil Rights Act of 1964's prohibition of discrimination "because of...sex" includes discrimination based on sexual orientation and gender identity.

14.    Furthermore, federal courts have also acknowledged the Texas Vexatious Litigant Act in cases involving challenges to its constitutionality. For example, in *Reule v. Jackson,* the Fifth Circuit affirmed the dismissal of a constitutional challenge to the statute, noting its provisions for restricting vexatious litigants' access to courts. While this case did not directly address representation

---

[5] *Drake v. Andrews*, 294 S.W.3d at 374-375 (emphasis added). *See also Beasley v. Society of Information Management*, No. 05-19-00607-CV ("that Beasley Note that the *Andrews* Court unequivocally held: "we concluded represented plaintiff can be subject to Chapter 11." However, on a totally different issue, said that the trial court erred in the application of Chapter 11 to Drake.

status, it underscores the statute's robust framework for addressing abusive litigation practices. The 5th Circuit held:

> "…Appellants are a group of individuals who have been declared vexatious litigants under a Texas statute. Their challenge to the constitutionality of that statute, which they asserted in a lawsuit against a state court judge, a state court clerk, and a state official responsible for publishing the online list of individuals declared vexatious litigants, was dismissed for lack of jurisdiction. We AFFIRM."

*Reule v. Jackson*, 114 F.4th 360 (5th Cir.2024).

15.     Texas and federal courts, interpreting the Vexatious Litigant Statute, made clear that the statute's objective is to curtail the systemic abuse of judicial resources by those who inundate the courts with groundless or duplicative lawsuits—such as Nguyen's baseless demand for $100 million in damages—thereby delaying the resolution of legitimate disputes and wasting public funds. *Drake v. Andrews* and its progeny remain the seminal authorities construing the Vexatious Litigant Statute and reaffirming its legislative purpose: to halt the misconduct of vexatious litigants like Tu Nguyen, who, whether acting *pro se* or through counsel, seek to circumvent statutory safeguards and perpetuate abuse of the judicial process.

16.     The legislative intent behind Chapter 11 of the *Texas Civil Practice and Remedies Code* is to strike a careful balance between Texans' constitutional right of access to the courts and the judiciary's responsibility to protect defendants and the judicial system from frivolous and abusive litigation. The statute accomplishes this by authorizing courts to impose restrictions on vexatious litigants, including the requirement that such plaintiffs' post security for costs and obtain prior court

approval before initiating new lawsuits. *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 804 (Tex. App.—Dallas 2006, pet. denied).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, **Defendants respectfully pray that:**

1. This Court denies Plaintiff Tu Nguyen's *First Amended Motion for Reconsideration*;

2. The Court further rules that Tu Nguyen has six (6) days remaining to seek prefiling approval and to post a security bond in the amount of $100,000.00 pursuant to Tex. Civ. Prac. & Rem. Code § 11.102(a), (b), (c), (e), and (f); and

3. Should Tu Nguyen persist in his relentless campaign of filing frivolous judicial pleadings and motions, Defendants respectfully urge this Court to increase the required security bond to $100,000.00 for each Defendant—a necessary safeguard to deter further abuse of the judicial process, to preserve the integrity of these proceedings, and to protect Defendants from the continued financial burden of responding to Nguyen's baseless filings.

Dated: November 4, 2025.                    Respectfully submitted,

**THE KELLEY LAW FIRM**
/s/ *Lloyd E. Kelley*
**LLOYD E. KELLEY**
State Bar No. 11203180
Texas Justice Center
4900 Fournace Place, Suite 500
Bellaire, Texas 77401
Telephone: 281-492-7766
Telecopier: 281-652-5973
kelley@lloydekelley.com

**THE TAMMY TRAN LAW FIRM**
*/s/ Minh-Tam Tran*
**MINH-TAM "TAMMY" TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place #418
Bellaire, Texas 77401
Telephone: (713) 655-0737
              (832) 372-4403
**SPECIAL COUNSEL FOR**
**DEFENDANT PHUNG BACH DOAN**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record by electronic filing, e-mail, facsimile transmission, or certified mail on November 4, 2025.

/s/ MINH-TAM TRAN
**MINH-TAM "TAMMY" TRAN**