IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-4982 |
| ATUTA, INC. d/b/a PHO BOLSA TV, VU HOANG LAN, ANDREW LE TV, AN THIEN LE aka ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL CO., and PHUNG BACH DOAN, | § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' NOTICE TO THE COURT OF NGUYEN THANH TU'S FAILURE TO COMPLY WITH THE COURT'S OCTOBER 31, 2025 ORDER**

TO THE HONORABLE COURT:

Defendants respectfully submit this Notice to the Court to inform that Plaintiff NGUYEN THANH TU a/k/a Tu Nguyen ("Tu Nguyen") has failed to comply with this Honorable Court's October 31, 2025, Order, and would respectfully show the Court as follows:

1

## I. The Ten-Day Period Prescribed by the Statute and Ordered by the Court Expired on November 10, 2025; and Tu Nguyen's Failure to Comply with the Court's October 31, 2025, Order Requires "Immediate Dismissal of this Entire Cause of Action without Further Notice"[1]

1. On October 31, 2025, upon receiving notice that Tu Nguyen had been formally declared a vexatious litigant,[2] this Honorable Court immediately stayed all proceedings, advising and ordering Tu Nguyen as follows:

### ORDER

Pending before the Court is Defendants' Motion to Require Thanh Tu Nguyen, a Declared Vexatious Litigant, to Obtain Permission from the Regional Administrative Judge Before Proceeding in Federal Court and to Post a Security Bond of $100,000.00. The Court, having considered the motion, the relevant Texas Civil Practice and Remedies Code provisions, and the record, finds that the Plaintiff, Thanh Tu Nguyen, is a formally declared vexatious litigant under Texas law.

The designation of Plaintiff as a vexatious litigant remains in effect, even though he is currently represented by counsel.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that:

1. The Plaintiff, **NGUYEN THANH TU a/k/a TU NGUYEN**, is **STAYED** from any further proceedings, including the prosecution of this matter or requesting any affirmative relief, until he

---

[1] (**Exhibit 1**: Court's October 31, 2025, Order).

[2] Pursuant to section 11.1035 (a), on October 28, 2025, Defendants promptly filed with the clerk and the Court, "and serve on the plaintiff and the other parties to the litigation a notice stating that the plaintiff is a vexatious litigant required to obtain permission under Section 11.102 to file litigation." TEX. CIV. PRAC. & REM. CODE § 11. 1035 (a)(b).

    complies with the requirements of the Texas Vexatious Litigant Act.

2. No later than the **10th day** after the filing of this Order, the Plaintiff, NGUYEN THANH TU a/k/a TU NGUYEN, shall **satisfy the following statutory requirements**:

   - **Obtain Written Authorization:** Plaintiff must obtain a written order from the appropriate local Administrative Judge, pursuant to Tex. Civ. Prac. & Rem. Code § 11.102, permitting the filing and maintenance of this litigation.

   - **Notify the Clerk:** Plaintiff shall notify the Clerk of this Court of the action taken.

   - **Post Security Bond:** Plaintiff must post a security bond of **$100,000.00** or an amount otherwise determined by the Administrative Judge, in accordance with Tex. Civ. Prac. & Rem. Code § 11.052(b), to ensure that Defendants may recover their attorneys' fees and costs should the Plaintiff not prevail.

   **FAILURE TO COMPLY** with the requirements of paragraph 2 within the specified 10-day period **SHALL RESULT IN THE IMMEDIATE DISMISSAL** of this entire cause of action without further notice.

(**Exhibit 1**: Court's October 31, 2025, Order).

    2.    The Court's Order was properly and providently entered in full compliance with Section 11.1035(b) of the Texas Civil Practice and Remedies

Code (the *Texas Vexatious Litigant Act*), which governs this situation.[3]

3. Instead of duly complying with the Court's directive to urgently obtain authorization from the local administrative judge and post the required bond, Tu Nguyen instead chose to frivolously and *vexatiously* file two motions for reconsideration, in clear disregard of and in an attempt to circumvent the strict statutory requirements imposed by the Texas Vexatious Litigant Act. TEX. CIV. PRAC. & REM. CODE § 11.1035 (b). Upon information and belief, Tu Nguyen has openly and arrogantly boasted to the Vietnamese media that he is the author of all motions and briefs filed in this case, and that he merely

---

[3] TEX. CIV. PRAC. & REM. CODE § 11.1035 (b)-- MISTAKEN FILING.

>  (b) <u>Not later than the next business day</u> after the date the clerk receives notice that a vexatious litigant subject to a prefiling order under Section 11.101 has filed, pro se, litigation without obtaining an order from the appropriate local administrative judge described by Section 11.102(a), *the clerk <u>shall</u> notify the court that the litigation was mistakenly filed. On receiving notice from the clerk, the court **shall** immediately stay the litigation **and <u>shall</u> dismiss the litigation unless the plaintiff, not later than the 10th day after the date the notice is filed,** obtains an order from the appropriate loca*l administrative judge described by Section 11.102(a) permitting the filing of the litigation.
>
>  (c) An order dismissing litigation that was mistakenly filed by a clerk may not be appealed.

(Emphasis added.)

**Non-Appealability of the Dismissal Orders Under Section 11.1035(c).**

**Even if Tu Nguyen were to pursue any affirmative relief on appeal, he must still obtain pre-filing approval from the appropriate local administrative judge and post a security bond. This bond is required to ensure that Defendants can recover their attorneys' fees and costs should he fail to prevail on appeal.** "[A} person who files a notice of appeal is maintaining litigation. The primary meaning of "maintain" is "[t]o continue (something)." . . . . We also note that California's vexatious litigant statutes are virtually identical to ours. *See* Cal.Civ.Proc.Code § 391(a), (b)(1). Those statutes have been held app[ied] to appeals, at least when the appellant was the plaintiff in the trial court. *See In re R.H.,* 170 Cal.App.4th 678, 88 Cal.Rptr.3d 650, 661–63 (2009); *McColm v. Westwood Park Ass'n,* 62 Cal.App.4th 1211, 73 Cal.Rptr.2d 288, 292–93 (1998)." *Retzlaff v. GoAmerica Commc'ns Corp.,* 356 S.W.3d 689 (Tex. App.—El Paso 2011, no pet.)**.**

instructed his attorney to sign them. Such conduct is outrageous and demonstrates a flagrant disregard for the integrity of the judicial process, as well as a clear intent to circumvent the Vexatious Litigant Statute.

4. On November 7, 2025, this Honorable Court denied Plaintiff Tu Nguyen's Motion for Reconsideration and further denied his First Amended Motion for Reconsideration as moot. (**Exhibit 2**: Court's November 7, 2025, Order.)

5. The ten-day period prescribed by the Court expired on November 10, 2025. Tu Nguyen's failure to strictly comply with the Court's October 31, 2025, Order mandates "immediate dismissal of this entire cause of action without further notice." (**Exhibit 1**: Court's October 31, 2025, Order).

## II.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that this Honorable Court:

    1. Dismiss this entire action with prejudice[4] for Plaintiff's failure to comply with the Court's October 31, 2025, Order; and

---

[4] *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689 (Tex. App.—El Paso 2011, no pet.) is instructive. The Court held:

> [The Vexatious statute] simply states, "The court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order." Tex. Civ. Prac. & Rem. Code Ann. **§** 11.056. **Texas appellate courts have affirmed dismissals with prejudice pursuant to this statute.** *See, e.g., Drum v. Calhoun*, 299 S.W.3d 360, 374 (Tex. App.-Dallas 2009, pet. denied), cert. denied, --- U.S. ----, 131 S.Ct. 1017, 178 L.Ed.2d 843 (2011); *Nell Nations Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670-71 (Tex. App.-San Antonio 2004, no pet.) (Emphasis added.)

2. Grant Defendants other and further relief to which they may be justly entitled.

Dated: November 11, 2025  Respectfully submitted,

**THE KELLEY LAW FIRM**
/s/ *Lloyd E. Kelley*
**LLOYD E. KELLEY**
State Bar No. 11203180
Texas Justice Center
4900 Fournace Place, Suite 500
Bellaire, Texas 77401
Telephone: 281-492-7766
Telecopier: 281-652-5973
kelley@lloydekelley.com
**COUNSEL FOR DEFENDANTS**

**THE TAMMY TRAN LAW FIRM**
*/s/ Minh-Tam Tran*
**MINH-TAM "TAMMY" TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place #418
Bellaire, Texas 77401
Telephone: (713) 655-0737
             (832) 372-4403
**SPECIAL COUNSEL FOR**
**DEFENDANT PHUNG BACH DOAN**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record by electronic filing, e-mail, facsimile transmission, or certified mail on November 11, 2025.

/s/ MINH-TAM TRAN
**MINH-TAM "TAMMY" TRAN**