**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NGUYEN THANH TU** | § | |
| **a/k/a TU NGUYEN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:25-CV-4982** |
| | § | |
| **ATUTA, INC. d/b/a PHO BOLSA TV,** | § | |
| **VU HOANG LAN, ANDREW LE TV,** | § | |
| **AN THIEN LE aka ANDREW LE,** | § | |
| **PREMIERLINE GROUP, LLC.,** | § | |
| **TUAN THANH HO, HGP USA CORP.,** | § | |
| **HOANG GIA PEARL CO., and** | § | |
| **PHUNG BACH DOAN,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' SUPPLEMENTAL SUBMISSION OF TABLE OF**
**AUTHORITIES AND HISTORY REGARDING NGUYEN THANH TU**

TO THE HONORABLE COURT:

Defendants respectfully submit this Supplemental Submission, which

includes two comprehensive Tables of Authorities, to further demonstrate and

support the consistent judicial handling of vexatious litigants and the specific

litigation history of Nguyen Thanh Tu and would respectfully show the Court as

follows.

## I.    KEY POINTS

(1)  The Fifth Circuit and Federal District Courts have consistently applied the

Texas Vexatious Litigant Statute to dismiss frivolous actions; and

(2)  The documented history of Nguyen Thanh Thu clearly demonstrates

repetitive and vexatious litigation in Texas and Federal courts.

## II.    CONSISTENT APPLICATION OF THE TEXAS VEXATIOUS LITIGANT STATUTE BY THE FIFTH CIRCUIT AND FEDERAL DISTRICT COURTS

1.    The Fifth Circuit and Federal district courts have consistently

enforced the Texas Vexatious Litigant Statute to dismiss actions deemed frivolous.

This established practice ensures that courts maintain the integrity of the judicial

process by preventing the misuse of legal proceedings through repetitive or

baseless litigation. The courts' consistent application of this statute reflects their

commitment to safeguarding both judicial resources and the rights of defendants

against meritless claims. *See* Exhibit 3, *infra*.

<table>
<tr><td colspan="4"><b>Exhibit 3</b><br><b>Table of Authorities: Federal and District Court Cases Applying the Texas Vexatious Litigant Statute</b></td></tr>
<tr><td>No.</td><td><b>Case Name &amp; Citation</b></td><td><b>Court / Date</b></td><td><b>Holding Summary</b></td></tr>
<tr><td>1</td><td><i>Reule v. Jackson</i>, 114 F.4th 360 (5th Cir. 2024)</td><td>U.S. Court of Appeals, Fifth Circuit (Aug. 19, 2024)</td><td>Challenge to constitutionality of Texas vexatious litigant statute dismissed; plaintiffs lacked standing and redressability.</td></tr>
</table>

2

| 2 | *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181 (5th Cir. 2008) | U.S. Court of Appeals, Fifth Circuit (Jan. 3, 2008) | **Court upheld modified injunction against vexatious litigant** but limited its reach only to federal courts. |
|---|---|---|---|
| 3 | *Matter of Carroll*, 850 F.3d 811 (5th Cir. 2017) | U.S. Court of Appeals, Fifth Circuit (Mar. 13, 2017) | **Federal courts have inherent authority under the All Writs Act to enjoin vexatious litigants**. |
| 4 | *Walters v. Tenant Background Search*, 849 F. App'x 476 (5th Cir. 2021) | U.S. Court of Appeals, Fifth Circuit (Mar. 12, 2021) | Pre-filing injunction against pro se litigant upheld; **sanctions did not violate court-access rights.** |
| 5 | *Serafine v. LaVoie*, No. 1:20-CV-62-LY, 2022 WL 229364 (W.D. Tex. Jan. 26, 2022) | U.S. District Court, W.D. Texas (Austin Div.) | Texas Chapter 11 statute upheld; balances access to courts with need to deter abusive litigation. |
| 6 | *Drake v. St. Paul Travelers Ins. Co.*, 353 F. App'x 901 (5th Cir. 2009) | U.S. Court of Appeals, Fifth Circuit (Nov. 23, 2009) | **Dismissal proper** where plaintiff failed to comply with bond requirement under vexatious litigant order. |
| 7 | *Liptak v. Banner*, No. 3:01-CV-2561-M, 2002 WL 378454 (N.D. Tex. Mar. 7, 2002) | U.S. District Court, N.D. Texas (Dallas Div.) | **Court treated motion as Rule 11 sanctions**; found repeated frivolous suits and imposed filing restrictions. |
| 8 | *Reule v. Jackson*, No. 6:22-CV-318-JDK-JDL, 2023 WL 3724770 (E.D. Tex. May 30, 2023) | U.S. District Court, E.D. Texas (Tyler Div.) | **Court reaffirmed constitutionality of Texas Chapter 11**; dismissed suit by previously-declared vexatious litigants. |
| 9 | *Drake v. Travelers Indem. Co. Consumer Cnty. Mut. Ins. Co.*, No. 2:11-CV-139, 2012 WL 13162667 (E.D. Tex. Mar. 5, 2012) | U.S. District Court, E.D. Texas (Marshall Div.) | **Upheld prior order forbidding new pro se filings** without administrative-judge approval under Chapter 11. |

| 10 | *Drake v. St. Paul Travelers Ins.*, No. 6:08-CV-301, 2009 WL 815999 (E.D. Tex. Tyler Div. Mar. 26, 2009) | U.S. District Court, E.D. Texas (Tyler Div.) | Repetitive suits filed despite prior vexatious order; **dismissal reaffirmed for failure to comply with bond requirement**. |
|---|---|---|---|
| 11 | *In re Ruth*, 473 B.R. 152 (Bankr. S.D. Tex. 2012) | U.S. Bankruptcy Court, S.D. Texas (Apr. 26, 2012) | **Confirmed inherent power to sanction vexatious litigation**; sanctions must be narrowly tailored to misconduct. |
| 12 | *Brown v. Burlington Coat Factory of Tex., Inc.*, 516 F. Supp. 3d 693 (S.D. Tex. 2021) | U.S. District Court, S.D. Texas (Jan. 28, 2021) | **Federal courts must respect Texas-defined substantive rights** but apply federal procedure in diversity cases. |
| 13 | 28 U.S.C. § 1927 | Federal Statute | **Attorneys who unreasonably and vexatiously multiply proceedings may be required to personally pay excess costs and fees**. |

## III.    DOCUMENTED HISTORY OF REPETITIVE AND VEXATIOUS LITIGATION BY TU THANH NGUYEN

2.    There is a well-documented record of Tu Thanh Nguyen's involvement in repetitive and vexatious litigation within both Texas and federal courts. This pattern of conduct has led to multiple findings and sanctions against Nguyen for abusing the judicial process. The repeated filing of unfounded lawsuits by Nguyen underscores the necessity of judicial intervention to prevent further misuse of the court system and to protect parties from continued legal harassment. *See* Exhibit 4, *infra*.

| Exhibit 4 |
| :---: |

**Nguyen Thanh Tu ( aka "Tu Nguyen")'s History of Vexatious Litigation**
**(Texas and Federal Cases)**

*The following authorities document prefiling restrictions, sanctions, and dismissals involving Thanh Tu Nguyen ("Tu Nguyen"), including appellate decisions and state and federal recognition of his vexatious-litigant status.*

| No. | Case Name | Court & Cause No. | Date of Order / Action | Nature of Sanction / Dismissal | Appeal Status / Notes |
| :---: | :--- | :--- | :--- | :--- | :--- |
| 1 | *Tu Nguyen v. Relative Lending, LLC* | 10th Dist. Ct., Galveston Cty., Tex.; Cause No. 17-CV-0790 | Oct. 4, 2017 | Order declaring Nguyen a vexatious litigant under Tex. Civ. Prac. & Rem. Code ch. 11; pre-filing restriction entered. | **Appears on OCA Vexatious Litigant List.** Pre-filing approval and security bond are required. This order applies to "every case in Texas." |
| 2 | *Tu Nguyen v. Relative Lending, Inc.* | Tex. 1st Ct. App. (Houston); No. 01-17-00864-CV | Feb. 13, 2018 | Appeal of Galveston order dismissed for want of prosecution. | **Dismissed:** Mandate issued Apr. 27, 2018. |
| 3 | *Tu Nguyen v. Bank of America, N.A.* | U.S. Ct. App. 5th Cir.; No. 17-20758 (from S.D. Tex. No. 4:17-cv-2897) | June 22, 2018 | Appeal dismissed for lack of jurisdiction (standing) by Fifth Circuit. | **Dismissed.** |
| 4 | *Tu Nguyen v. Duy Tu Hoang, et al.* | U.S. Dist. Ct., S.D. Tex.; No. 4:17-cv-02060 | June 28, 2018 | Federal court dismissed multiple claims (TCPA) and awarded attorneys' fees to Defendants. | **Dismissal with prejudice**; appeal not reflected in docket. |
| 5 | **Gerard Richard Williams III v. Tu Nguyen et al.** | County Court at Law No. 1, Harris County, Texas No. 1242113 | Dec. 2024 – Present | Nguyen deliberately failed to attend the Temporary Injunction hearing although admitted that hearing notice was received; all pleadings and | **Temporary Injunction finally was issued.** |

5

| | | | | evidence were admitted against him. He then vexatiously and repeatedly challenged the Court's injunction order for almost a year in violation of Tex. Civ. Prac. & Rem. Code § 11.101 | |
|---|---|---|---|---|---|
| 6 | *Tu Nguyen v. Atuta, Inc.* | U.S. Dist. Ct., S.D. Tex.; No. 4:25-cv-04982 | Oct. 31, 2025 | Federal court recognized state vexatious-litigant designation and required leave of Regional Administrative Judge before further filings. | Order stays proceedings until compliance; Motions for reconsiderations denied. **Ten-day period for compliance has expired**. |
| 7 | *Thanh Tu Nguyen v. Hoi Trinh* | 14th Ct. App., Tex.; No. 14-21-00110-CV | Mar. 17, 2022 | Appeal of TCPA motion; reversed and remanded for limited review; illustrates continued litigation pattern. | **Reflects Nguyen's repetitive filing history**. |
| 8 | *In Re: A Purported Lien or Claim Against Tu Nguyen* | Galveston Cty. Dist. Ct.; Cause No. 13-CV-1538 | Jan. 22, 2015 | Appeal of denial of motion under Tex. Gov't Code § 51.903 (fraudulent lien statute) | **Affirmed by Fourteenth Ct. App.; demonstrates litigation history**. |

3.    As stated, the Fifth Circuit and the federal district courts have

unequivocally affirmed that vexatious litigants must be enjoined from filing any

new lawsuit in Texas unless they first obtain prefiling approval and post the

security bond required by law. (*See* Exhibit 3.) This rule reflects a fundamental

balancing test—while every litigant is entitled to a fair opportunity to present

legitimate claims, courts must also protect defendants and the judicial system from

the burdens of repetitive, frivolous, and harassing litigation.

## IV.   CONCLUSION

4.      Accordingly, Thanh Tu Nguyen—who has been formally declared a

vexatious litigant and sanctioned by multiple Texas and federal courts (*see* Exhibit

4)—cannot be permitted to weaponize the judicial process by initiating yet another

baseless and abusive action seeking $100,000,000.00 in purported damages against

innocent victims. To allow such conduct would undermine both the purpose of

the Texas Vexatious Litigant Statute and the integrity of the courts themselves.

## V.   PRAYER FOR RELIEFS

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request

that this Honorable Court:

a. Dismiss this entire action with prejudice[1] due to Plaintiff's failure to comply

with the Court's October 31, 2025 Order;

---

[1] *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689 (Tex. App.—El Paso 2011, no pet.) is instructive. The Court held:

> [The Vexatious statute] simply states, "The court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order." Tex. Civ. Prac. & Rem. Code Ann. **§** 11.056. **Texas appellate courts have affirmed dismissals with prejudice pursuant**

b.  Invoke the Court's inherent authority under the All-Writs Act, 28 U.S.C. § 1651,[2] to *sua sponte* enjoin Plaintiff Thanh Tu Nguyen, a previously declared vexatious litigant, from filing any new civil lawsuit or seeking any affirmative relief in any federal court within the State of Texas unless he first obtains prefiling approval and posts the security bond required by law; and

c.  Impose monetary sanctions against Plaintiff and/or his counsel, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (Counsel's Liability for Excessive Costs), in the amount of $35,000.00 to compensate Defendants for their reasonable attorneys' fees and costs incurred as a result of this frivolous and abusive litigation.[3]

---

to this statute. *See, e.g., Drum v. Calhoun*, 299 S.W.3d 360, 374 (Tex. App.-Dallas 2009, pet. denied), cert. denied, --- U.S. ----, 131 S.Ct. 1017, 178 L.Ed.2d 843 (2011); *Nell Nations Forist v. Vanguard Underwriters Ins. Co*., 141 S.W.3d 668, 670-71 (Tex. App.-San Antonio 2004, no pet.) (Emphasis added.)

[2] *See* Exhibit 3, *supra*, *Walters v. Tenant Background Search*, 849 F. App'x 476 (5th Cir. 2021) and other cases.

[3] 28 U.S. Code § 1927 - Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. (June 25, 1948, ch. 646, 62 Stat. 957; Pub. L. 96–349, § 3, Sept. 12, 1980, 94 Stat. 1156.)

Dated: November 12, 2025                Respectfully submitted,

                                        **THE KELLEY LAW FIRM**
                                        /s/ *Lloyd E. Kelley*
                                        **LLOYD E. KELLEY**
                                        State Bar No. 11203180
                                        Texas Justice Center
                                        4900 Fournace Place, Suite 500
                                        Bellaire, Texas 77401
                                        Telephone: 281-492-7766
                                        Telecopier: 281-652-5973
                                        kelley@lloydekelley.com
                                        **COUNSEL FOR DEFENDANTS**

                                        **THE TAMMY TRAN LAW FIRM**
                                        /s/ *Minh-Tam Tran*
                                        **MINH-TAM "TAMMY" TRAN**
                                        Texas State Bar No. 20186400
                                        ttran@tt-lawfirm.com
                                        4900 Fournace Place #418
                                        Bellaire, Texas 77401
                                        Telephone: (713) 655-0737
                                                   (832) 372-4403
                                        **SPECIAL COUNSEL FOR**
                                        **DEFENDANT PHUNG BACH DOAN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record by electronic filing, e-mail, facsimile transmission, or certified mail on November 12, 2025.

                                        /s/ MINH-TAM TRAN
                                        **MINH-TAM "TAMMY" TRAN**

9