## Exhibit 3
## Table of Authorities: Federal and District Court Cases Applying the Texas Vexatious Litigant Statute

| No. | Case Name & Citation | Court / Date | Holding Summary |
|---|---|---|---|
| 1 | *Reule v. Jackson*, 114 F.4th 360 (5th Cir. 2024) | U.S. Court of Appeals, Fifth Circuit (Aug. 19, 2024) | Challenge to constitutionality of Texas vexatious litigant statute dismissed; plaintiffs lacked standing and redressability. |
| 2 | *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181 (5th Cir. 2008) | U.S. Court of Appeals, Fifth Circuit (Jan. 3, 2008) | **Court upheld modified injunction against vexatious litigant** but limited its reach only to federal courts. |
| 3 | *Matter of Carroll*, 850 F.3d 811 (5th Cir. 2017) | U.S. Court of Appeals, Fifth Circuit (Mar. 13, 2017) | **Federal courts have inherent authority under the All Writs Act to enjoin vexatious litigants**. |
| 4 | *Walters v. Tenant Background Search*, 849 F. App'x 476 (5th Cir. 2021) | U.S. Court of Appeals, Fifth Circuit (Mar. 12, 2021) | Pre-filing injunction against pro se litigant upheld; **sanctions did not violate court-access rights.** |
| 5 | *Serafine v. LaVoie*, No. 1:20-CV-62-LY, 2022 WL 229364 (W.D. Tex. Jan. 26, 2022) | U.S. District Court, W.D. Texas (Austin Div.) | Texas Chapter 11 statute upheld; balances access to courts with need to deter abusive litigation. |
| 6 | *Drake v. St. Paul Travelers Ins. Co.,* 353 F. App'x 901 (5th Cir. 2009) | U.S. Court of Appeals, Fifth Circuit (Nov. 23, 2009) | **Dismissal proper** where plaintiff failed to comply with bond requirement under vexatious litigant order. |
| 7 | *Liptak v. Banner*, No. 3:01-CV-2561-M, 2002 WL 378454 (N.D. Tex. Mar. 7, 2002) | U.S. District Court, N.D. Texas (Dallas Div.) | **Court treated motion as Rule 11 sanctions**; found repeated frivolous suits and imposed filing restrictions. |
| 8 | *Reule v. Jackson,* No. 6:22-CV-318-JDK-JDL, 2023 WL 3724770 (E.D. Tex. May 30, 2023) | U.S. District Court, E.D. Texas (Tyler Div.) | **Court reaffirmed constitutionality of Texas Chapter 11**; dismissed suit by previously-declared vexatious litigants. |
| 9 | *Drake v. Travelers Indem. Co. Consumer Cnty. Mut. Ins. Co*., No. 2:11-CV-139, 2012 WL 13162667 (E.D. Tex. Mar. 5, 2012) | U.S. District Court, E.D. Texas (Marshall Div.) | **Upheld prior order forbidding new pro se filings** without administrative-judge approval under Chapter 11. |
| 10 | *Drake v. St. Paul Travelers Ins.,* No. 6:08-CV-301, 2009 WL 815999 (E.D. Tex. Tyler Div. Mar. 26, 2009) | U.S. District Court, E.D. Texas (Tyler Div.) | Repetitive suits filed despite prior vexatious order; **dismissal reaffirmed for failure to comply with bond requirement**. |

| 11 | *In re Ruth*, 473 B.R. 152 (Bankr. S.D. Tex. 2012) | U.S. Bankruptcy Court, S.D. Texas (Apr. 26, 2012) | **Confirmed inherent power to sanction vexatious litigation**; sanctions must be narrowly tailored to misconduct. |
|---|---|---|---|
| 12 | *Brown v. Burlington Coat Factory of Tex., Inc.*, 516 F. Supp. 3d 693 (S.D. Tex. 2021) | U.S. District Court, S.D. Texas (Jan. 28, 2021) | **Federal courts must respect Texas-defined substantive rights** but apply federal procedure in diversity cases. |
| 13 | 28 U.S.C. § 1927 | Federal Statute | **Attorneys who unreasonably and vexatiously multiply proceedings may be required to personally pay excess costs and fees**. |