IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU<br>a/k/a TU NGUYEN,<br><br>*Plaintiff,*<br><br>v.<br><br>ATUTA, INC. d/b/a PHO BOLSA TV,<br>VU HOANG LAN, ANDREW LE TV,<br>AN THIEN LE aka ANDREW LE,<br>PREMIERLINE GROUP, LLC.,<br>TUAN THANH HO, HGP USA CORP.,<br>HOANG GIA PEARL CO., and<br>PHUNG BACH DOAN,<br><br>*Defendants.* | §§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 4:25-CV-4982 |

## ORDER DISMISSING CASE WITH PREJUDICE

On this day, the Court considered Defendants' Notice to the Court of Thanh Tu Nguyen's Failure to Comply with the Court's October 31, 2025 Order (Dkt.# 8). Having considered the Notice, the evidence, the record, and the relevant law, the Court finds that the Notice is will-taken and the reliefs sought by Defendants should be granted. Accordingly, it is **ORDERED** as follows:

### I.   DISMISSAL WITH PREJUDICE

**IT IS ORDERED** that this entire cause of action, Civil Action No. 4:25-CV-4982, is hereby **DISMISSED WITH PREJUDICE**[1] due to Plaintiff's failure to comply with the Court's Order dated October 31, 2025. The Clerk is directed to close this case.

## II.    INJUNCTIVE RELIEF AND PREFILING RESTRICTIONS

**IT IS FURTHER ORDERED** that, pursuant to the Court's inherent authority under the All Writs Act, 28 U.S.C. § 1651,[2] Plaintiff Nguyen Thanh Tu, who has been previously declared a vexatious litigant, is hereby **ENJOINED** from filing any new civil lawsuit or seeking any form of affirmative relief in any federal court within the State of Texas **unless and until** he first obtains **prefiling approval** from the Regional Administrative Judge or the Chief Judge and posts the **security bond** required by law.

## III.    MONETARY SANCTIONS

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (Counsel's Liability for Excessive Costs),[3] Plaintiff and his counsel shall jointly and severally pay Defendants' reasonable attorneys' fees and costs in the amount of $35,000.00, to compensate Defendants for expenses incurred as a result of this frivolous and abusive litigation. Payment shall be made to Defendants' counsel within thirty (30) days of the entry of this Order.

**SIGNED** this ____ day of _____, 2025.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689 (Tex. App.—El Paso 2011, no pet.) is instructive. The Court held:

> [The Vexatious statute] simply states, "The court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order." Tex. Civ. Prac. & Rem. Code Ann. § 11.056. Texas appellate courts have affirmed dismissals with prejudice pursuant to this statute. *See, e.g., Drum v. Calhoun*, 299 S.W.3d 360, 374 (Tex. App.-Dallas 2009, pet. denied), cert. denied, --- U.S. ----, 131 S.Ct. 1017, 178 L.Ed.2d 843 (2011); *Nell Nations Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670-71 (Tex. App.-San Antonio 2004, no pet.) (Emphasis added.)

[2] *Walters v. Tenant Background Search*, 849 F. App'x 476 (5th Cir. 2021) and other cases.

[3] 28 U.S. Code § 1927 - Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. (June 25, 1948, ch. 646, 62 Stat. 957; Pub. L. 96–349, § 3, Sept. 12, 1980, 94 Stat. 1156.)