IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, | § § § § § | |
| Plaintiff, | | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-4982 |
| ATUTA, INC. d/b/a PHO BOLSA TV, VU HOANG LAN, ANDREW LE TV, AN THIEN LE aka ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL CO., and PHUNG BACH DOAN, | § § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF UNTIMELY MOTION FOR EXTENTION

TO THE HONORABLE COURT:

Defendants respectfully file Defendants' Response to Plaintiff's Untimely Motion for Extension, and would respectfully show the Court as follows:

1

**I.    Despite The Expiration of The Statutory 10-Day Period Under Tex. Civ. Prac. & Rem. Code § 11.1035(b) <u>And</u> The Deadline Set By This Court, Tu Nguyen Now Untimely Seeks Extension. His Request Should Be Denied.**

**A.  Strictly Adhering to the Vexatious Litigant Statute, This Honorable Court Issued the October 31, 2025 Order, Giving Thanh Tu Nguyen ("Tu Nguyen") Ten Days to Comply.**

    1.    TEX. CIV. PRAC. & REM. CODE § 11.1035 (b)-- MISTAKEN FILING.

> (b) <u>Not later than the next business day</u> after the date the clerk receives notice that a vexatious litigant subject to a prefiling order under Section <u>11.101</u> has filed, pro se, litigation without obtaining an order from the appropriate local administrative judge described by Section 11.102(a), the clerk <u>shall</u> notify the court that the litigation was mistakenly filed.  *On receiving notice from the clerk, the court shall immediately stay the litigation and shall dismiss the litigation unless the plaintiff, not later than the 10th day after the date the notice is filed, obtains an order from the appropriate loca*l administrative judge described by Section 11.102(a) permitting the filing of the litigation. (Emphasis added.)

**B.  Tu Nguyen—A Vexatious Litigant Who Routinely Boasts of Being Well-Versed in Federal and Texas Law—Blatantly Disregarded and Failed to Comply with the Mandatory Procedure of Section 11.102(b).**

    2.    Sec. 11.102.  PERMISSION BY LOCAL ADMINISTRATIVE JUDGE.

> (b)  A vexatious litigant subject to a prefiling order under Section 11.101 who files a request seeking permission to file a litigation **shall provide a copy of the request to all defendants named in the proposed litigation.**[1]

---

[1] Sec. 11.102 (b) -- PERMISSION BY LOCAL ADMINISTRATIVE JUDGE. (Emphasis added.)

2

3. Tu Nguyen claims that his lawyer filed a request seeking permission to file a litigation with U.S. Attorney Nicholas J. Ganjei, yet Mr. Ganjei has not responded. (Tu Nguyen's Ex. A).

4. Tu Nguyen was mandatorily required to "*provide a copy of the request to all defendants named in the proposed litigation.*"[2] Yet he completely ignored this requirement. He did not even notify the Court, the Clerk, or Defendants of this purported request seeking permission to file a litigation.

5. Instead, Nguyen filed—and served on Defendants—two frivolous motions for reconsideration, fully aware that the Court was bound to follow the

---

(b) A vexatious litigant subject to a prefiling order under Section 11.101 who files a request seeking permission to file a litigation **shall provide a copy of the request to all defendants named in the proposed litigation.**

(c) The appropriate local administrative judge described by Subsection (a) may make a determination on the request with or without a hearing. If the judge determines that a hearing is necessary, the judge may require that the vexatious litigant filing a request under Subsection (b) provide notice of the hearing to all defendants named in the proposed litigation.

(d) The appropriate local administrative judge described by Subsection (a) may grant permission to a vexatious litigant subject to a prefiling order under Section 11.101 to file a litigation only if it appears to the judge that the litigation:

    (1) has merit; and

    (2) has not been filed for the purposes of harassment or delay.

(e) The appropriate local administrative judge described by Subsection (a) may condition permission on the furnishing of security for the benefit of the defendant as provided in Subchapter B.

(f) A decision of the appropriate local administrative judge described by Subsection (a) denying a litigant permission to file a litigation under Subsection (d), or conditioning permission to file a litigation on the furnishing of security under Subsection (e), is not grounds for appeal.

[2] TEX. CIV. PRAC. & REM. CODE § 11.102 (b) (emphasis added).

3

statutory mandate of Tex. Civ. Prac. & Rem. Code § 11.1035(b**).**  It means he had only ten days to comply, as he failed to request pre-filing approval before initiating this litigation in the 11th District Court.

6. Tu Nguyen now cannot complain that he was not provided enough time**.** He has no one to blame but himself. Before filing this lawsuit in the 11th District Court of Harris County, he and his counsel knew or should have known that Tu Nguyen was required to seek pre-filing approval from the local administrative judge. A simple Google search would have revealed that the appropriate local administrative judge is Judge Latosha Lewis Payne.

7. Furthermore, Tu Nguyen and his counsel, Mr. Brian Turner, are not strangers to this issue. They had vigorously litigated this very matter in Harris County Court at Law No. 1 when Tu Nguyen filed a Motion to Dismiss Plaintiff Gerard Richard Williams III's defamation claims under the Texas Citizens Participation Act (TCPA).

8. Because Tu Nguyen was requesting affirmative relief, both he and his counsel were expressly challenged that—even as a defendant—Tu Nguyen was required to obtain prefiling approval regardless of whether he was represented by counsel. They did, finally, submit a request to Judge Susan Brown, but the TCPA

motion ultimately became moot because no hearing was set within the statutory 60-day period. And since no counterclaim had been filed and no affirmative reliefs have been made by Tu Nguyen, the matter was fully rendered moot.[3]

9. Accordingly, Tu Nguyen—who has been formally declared a vexatious litigant and sanctioned by multiple Texas and federal courts—cannot now have another bite of the apple. Enough is enough.

## II. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Honorable Court:

1) DENY Tu Nguyen's Untimely Motion for Extension and Dismiss this entire action with prejudice[4] due to Plaintiff's failure to comply with the Court's October 31, 2025, Order;

---

[3] Defendants respectfully request that the Court take judicial notice of the file in *Gerard Richard Williams III v. Tu Nguyen et al.*, No. 1242113, County Court at Law No. 1.

[4] *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689 (Tex. App.—El Paso 2011, no pet.) is instructive. The Court held:

[The Vexatious statute] simply states, "The court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order." Tex. Civ. Prac. & Rem. Code Ann. § 11.056. **Texas appellate courts have affirmed dismissals with prejudice pursuant to this statute.** *See, e.g., Drum v. Calhoun*, 299 S.W.3d 360, 374 (Tex. App.-Dallas 2009, pet. denied), cert. denied, --- U.S. ----, 131 S.Ct. 1017, 178 L.Ed.2d 843 (2011); *Nell Nations Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670-71 (Tex. App.-San Antonio 2004, no pet.) (Emphasis added.) *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689 (Tex. App.—El Paso 2011, no pet.) is instructive. The Court held:

2) Invoke the Court's inherent authority under the All-Writs Act, 28 U.S.C. § 1651,5 to *sua sponte* enjoin Plaintiff Thanh Tu Nguyen, a previously declared vexatious litigant, from filing any new civil lawsuit or seeking any affirmative relief in any federal court within the State of Texas unless he first obtains prefiling approval and posts the security bond required by law; and

3) Impose monetary sanctions against Plaintiff and/or his counsel, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (Counsel's Liability for Excessive Costs), in the amount of $35,000.00 to compensate Defendants for their reasonable attorneys' fees and costs incurred as a result of their frivolous filings.[6]

---

[5] *See* Ex, 3, *supra*, *Walters v. Tenant Background Search*, 849 F. App'x 476 (5th Cir. 2021) and other cases.

[6] 28 U.S. Code § 1927 - Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. (June 25, 1948, ch. 646, 62 Stat. 957; Pub. L. 96–349, § 3, Sept. 12, 1980, 94 Stat. 1156.)

Dated: November 12, 2025      Respectfully submitted,

**THE KELLEY LAW FIRM**
/s/ *Lloyd E. Kelley*
**LLOYD E. KELLEY**
State Bar No. 11203180
Texas Justice Center
4900 Fournace Place, Suite 500
Bellaire, Texas 77401
Telephone: 281-492-7766
Telecopier: 281-652-5973
kelley@lloydekelley.com
**COUNSEL FOR DEFENDANTS**

**THE TAMMY TRAN LAW FIRM**
/s/ *Minh-Tam Tran*
**MINH-TAM "TAMMY" TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place #418
Bellaire, Texas 77401
Telephone: (713) 655-0737
           (832) 372-4403
**SPECIAL COUNSEL FOR
DEFENDANT PHUNG BACH DOAN**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record by electronic filing, e-mail, facsimile transmission, or certified mail on November 12, 2025.

/s/ MINH-TAM TRAN
**MINH-TAM "TAMMY" TRAN**