IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-4982 |
| ATUTA, INC. d/b/a PHO BOLSA TV, VU HOANG LAN, ANDREW LE TV, AN THIEN LE aka ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL CO., and PHUNG BACH DOAN, | § § § § § § § § | |
| Defendants. | § | |

## ORDER DENYING EXTENSION

Pending before the Court is Plaintiff Tu Nguyen's Motion for Extension. The Court has considered the Plaintiff's untimely motion, the response, and evidence on file.

It is therefore **ORDERED** that Plaintiff Tu Nguyen's Untimely Motion for Extension is hereby **DENIED**.

It is further **ORDERED** that Nguyen Thanh Tu's entire action **IS DISMISSED with prejudice**[1] due to Plaintiff's failure to comply with the Court's October 31, 2025 Order.

It is further **ORDERED** that pursuant to the Court's inherent authority under the All-Writs Act, 28 U.S.C. § 1651, Plaintiff Thanh Tu Nguyen, a previously declared vexatious litigant, is enjoined from filing any new civil lawsuit or seeking any affirmative relief in any federal court in the Southern District of Texas unless he first obtains prefiling approval and posts the security bond required by law; and

It is further **ORDERED** that Plaintiff and/or his counsel, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (Counsel's Liability for Excessive Costs), shall pay Defendants attorney's fees in the amount of $35,000.00 to compensate Defendants for their reasonable attorneys' fees and costs incurred as a result of their disregard of the Court's October 31 2025, Order and frivolous filings.[2]

**SIGNED** this ____ day of _____, 2025.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689 (Tex. App.—El Paso 2011, no pet.) is instructive. The Court held:

[The Vexatious statute] simply states, "The court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order." Tex. Civ. Prac. & Rem. Code Ann. **§** 11.056. **Texas appellate courts have affirmed dismissals with prejudice pursuant to this statute.** *See, e.g., Drum v. Calhoun*, 299 S.W.3d 360, 374 (Tex. App.-Dallas 2009, pet. denied), cert. denied, --- U.S. ----, 131 S.Ct. 1017, 178 L.Ed.2d 843 (2011); *Nell Nations Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670-71 (Tex. App.-San Antonio 2004, no pet.) (Emphasis added.) *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689 (Tex. App.—El Paso 2011, no pet.) is instructive.

[2] 28 U.S. Code § 1927 - Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. (June 25, 1948, ch. 646, 62 Stat. 957; Pub. L. 96–349, § 3, Sept. 12, 1980, 94 Stat. 1156.)