**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| ATUTA, INC. d/b/a PHO BOLSA TV | § | |
| VU HOANG LAN, ANDREW LE TV | § | CIVIL ACTION NO. 4:25-CV-4982 |
| AN THIEN LE aka ANDREW LE, | § | |
| PREMIERLINE GROUP, LLC., | § | |
| TUAN THANH HO, HGP USA CORP., | § | |
| HOANG GIA PEARL CO., and PHUNG | § | |
| BACH DOAN | § | |
| *Defendants* | § | |

**PLAINTIFF TU NGUYEN'S MOTION TO VACATE FINAL JUDGMENT**
**RULE 60(b)(5)**

COMES NOW, Thanh Tu Nguyen a/ka Tu Nguyen ("Tu Nguyen"), and pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure, files his Motion to Vacate Final Judgment, and would respectfully show the Court as follows:

1.      On Friday, October 31, 2025, this Court, without a reasonable opportunity to respond and without hearing, signed an Order granting Defendants' Motion to Require Thanh Tu Nguyen, a Declared Vexatious Litigant, to Obtain Permission from the Regional Administrative Judge Before Proceeding in Federal Court and to Post a Security Bond of $100,000 (the "October 31 Order) (Document No. 8).

2.      As it was an impossibility to comply with the October 31 Order, and although Plaintiff made every effort to comply with the October 31 Order, this Court dismissed the case via a final Order on November 13, 2025 ("the Final Judgment")(Document No. 17).

3.      The October 31 Order and therefore the Final Judgment were based entirely on an October 17, 2017, Order Declaring Tu Nguyen a Vexatious Litigant ("the Vexatious Litigant Order").

4.      On April 21, 2026, the Vexatious Litigant Order was Vacated.  (Exhibit A).

5.      FRCP 60(b)(5) provides that on motion and just terms, the court may relieve a party from a final judgment if it is based on an earlier judgment that has been reversed or *vacated*.

6.      The purpose of Rule 60(b) is to delineate the circumstances under which relief may be obtained from the operation of final judgments .... By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the "incessant command of the court's conscience that justice be done in light of all the facts."  The Rule is to be "liberally construed in order to do substantial justice," but at the same time, "final judgments should [not] be lightly reopened."  That is, "although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." *Lowry Development L.L.C.  v. Groves & Assoc. Ins., Inc.,* 690 F.3d 382, 385-386 (5th Cir. 2012).

7.      The *Lowry* case involved a reversal of a prior judgment that had formed the basis of the District Court's dismissal.

8.      The *Lowry* Court concludes that the district court did not abuse its discretion in granting Lowry Rule 60(b) relief despite its failure to file a protective appeal against Groves.  *Id.* At 389.

9.      As to the issue of "prejudice" to the underlying prevailing party, the Court found, "Having a favorable judgment set aside is inherently prejudicial, so some extra measure of *unfair* prejudice must be present to overcome an otherwise worthy Rule 60(b) motion.  With Rule 60(b) relief, Lowry will present its negligence claim to a jury for the first time.  As the district court noted, in that future trial, Groves 'will be permitted to present its case and defenses to a jury.'"  *Id.*

10.    Similarly, Plaintiff Tu Nguyen chose not to appeal this Court's Final Judgment and instead, chose to continue to follow the Court's Order to obtain a pre-filing letter, which he did obtain.

11.    As such, the Final Judgment in this case should be vacated.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tu Nguyen prays that this Court grant his Motion to Vacate, vacate this Court's November 13, 2025 Final Judgment, and for such other and further relief to which Plaintiff is justly entitled, at law or at equity.

Respectfully submitted,

LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave.
Bryan, TX 77803
(979) 583-9200 – Telephone
(979) 314-9533 – Telecopier
bt@brianturnerlaw.com

By:  /s/  Brian Turner
Brian Turner
State Bar No.  20310450

## CERTIFICATE OF SERVICE

I certify that on July 31, 2026, a copy of the above and foregoing was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure.

By:  /s/  Brian Turner
Brian Turner